UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| MISTY LYNN WESLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-200-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ACCESSIBLE HOME CARE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* plaintiff Misty Lynn Wesley moves for certification to file a new civil lawsuit based on claims arising from her past employment with Defendant Accessible Home Care. [Record No. 2] Wesley has a long history of filing what this Court has characterized as "abusive litigation". As a result, General Order No. 07-6 was entered on February 14, 2007. [Record No. 1] It provides that, before Wesley may file a new action in this Court, she must obtain certification from a United States Magistrate Judge in this district stating that the claims asserted are not frivolous and that the filing is not submitted for any improper purpose.

I.

Wesley asserts in the present action a host of federal statutory and state law claims against Accessible Home Care, its owners, and its employees, which are, for the most part, difficult to follow. [Record Nos. 2, 6] United States Magistrate Judge Robert E. Wier issued an Order on April 9, 2018, denying Wesley's motion for certification. Wesley then filed a motion pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on April 18, 2018. [Record No. 6] Wesley has failed to articulate specific objections to the Magistrate Judge's

Certification Order and, instead, has repeated many of the assertions contained in her initial filing. The Court has reviewed Wesley's allegations and will grant her motion, in part, and deny it, in part. *See* 28 U.S.C. § 636(b)(1).

## II.

Wesley worked for Defendant Accessible Home Care which was owned by Bill and Kaye Hughes. [Record No. 6, p. 2] She alleges that the defendants engaged in "labor trafficking" and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Wesley was paid $9.50 per hour to look after an elderly client in Lexington, Kentucky when she began working for Accessible Home Care. [Record No. 6, p. 4] After a couple of days, the client began asking Wesley to polish silver and to clean carpets, walls, and the refrigerator. *Id.* Wesley asked Bill Hughes to tell the client that Wesley was not to perform such tasks, but Hughes declined, telling her, "we're cheaper than maids." *Id.* Wesley asked to be reassigned to a different client but tendered her resignation in the meantime. *Id.*

Wesley was transferred to another elderly client's home where she was paid $11.50 per hour. However, following a conflict with a co-worker, Wesley asked Hughes "to find another person to work over there." *Id.* at p. 5. Wesley was then assigned to a live-in position with an elderly couple, where she worked 24-hour shifts, "3 days on and 3 days off." *Id.* She was paid $170.00 per day. Wesley contends that the couple's daughter kept a list of chores for her, which included vacuuming, sweeping, mopping, and cleaning the bathrooms. *Id.* According to Wesley, Hughes "flat out refused" to tell the client that she was not supposed to perform these duties.

The FLSA requires qualifying employers to pay each covered employee a statutory minimum wage. 29 U.S.C. § 206(a). Further, covered employees who work more than 40

hours in a given week must receive compensation at an overtime rate. *Id.* at § 207(a). While the FLSA does not always apply to companionship employees or live-in domestic service employees, 29 U.S.C. § 213(a)(15), (b)(21), it generally *does* apply when these types of employees are employed by third parties rather than the individual or member of the family or household using the services.[1] 29 C.F.R. § 552.109. Wesley has alleged that she was employed by Defendant Accessible Home Care, not the individual clients to whom she provided services.

Although FLSA plaintiffs generally are not required to plead overtime claims in great detail, Wesley has failed to indicate that she worked in excess of forty hours in a given week during her first two assignments. She alleges, however, that she worked for three consecutive 24-hour periods on multiple occasions during her "live-in" assignment. She also alleges that she was not paid overtime wages. [Record No. 6, pp. 5-6] It is unclear whether these allegations would be sufficient to withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but the FLSA claim is not "fantastic or delusional" or "based on legal theories that are indisputably meritless." *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

As explained in the Magistrate Judge's Certification Order, Wesley's remaining claims clearly are without merit. Wesley alleges that she experienced unlawful retaliation under Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act. However, to state a claim for retaliation, the

---

[1] Wesley indicates that she was hired in or around July 2016 [Record No. 6-1, p. 2], after the effective date of 29 C.F.R. § 552.109. *See Brittmon v. Upreach, LLC*, 285 F.Supp.3d 1033 (S.D. Ohio 2018) (holding that § 552.109 became effective as of January 1, 2015).

plaintiff must allege that she engaged in protected activity. *See Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 (6th Cir. 2001). Wesley's filings provide no indication that her complaint regarding a pay discrepancy between two female employees constituted protected activity under any of the statutes she has cited. *See, e.g. Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995) (plaintiff's letter to HR complaining about unfair treatment in general was not protected activity under ADEA because letter did not specifically complain about age discrimination).

Wesley also alleges that she experienced racial discrimination and hostile working conditions during her live-in assignment. In support, she contends that Accessible Home Care hired an African-American female employee to assist with the assignment and paid her $180.00 per day, or ten dollars more per day than Wesley was paid. For a majority plaintiff to succeed in an employment discrimination case, she must establish a prima facie case of "reverse discrimination." This requires the plaintiff to prove that she was "intentionally discriminated against despite [her] majority status." *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985). Although Wesley is not required to establish a prima facie case at the pleading stage, she must allege some background circumstances to indicate that the defendant "is the unusual employer who discriminates against the minority." *See id.* She has failed to do so here. The lone allegation that her African-American female co-worker was paid more than her is insufficient to support a claim of discrimination or a hostile work environment.

Finally, as the Magistrate Judge explained, Wesley's defamation claim should be dismissed. Bill Hughes' alleged statement that Wesley quit her job without giving notice is not defamatory per se and Wesley has not suggested that she suffered any actual damages as a

result of the statement. Accordingly, this claim is patently frivolous. *See Gilliam v. Pikeville United Methodist Hosp. of Ky., Inc.*, 215 S.W.3d 56, 60-61 (Ky. Ct. App. 2006) (citing *Hill v. Evans*, 258 S.W.2d 917, 918 (Ky. 1953)).

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Order denying certification [Record No. 5] is **ADOPTED**, in part, and **REJECTED**, in part.

2. Plaintiff's motion under Rule 72(b)(2) of the Federal Rules of Civil Procedure [Record No. 6] is **GRANTED**, in part, and **DENIED**, in part.

3. Plaintiff's claims against Defendants Michelle Walters, Sheila Hughes Rouse, Mark Williams, and Commonwealth of Kentucky Unemployment Office are **DISMISSED**, with prejudice. Plaintiff's claims against Accessible Home Care, Bill Hughes, and Kay Hughes are **DISMISSED**, with prejudice, with the exception of the Fair Labor Standards Act (overtime/minimum wage) claims against these three defendants.

4. Plaintiff has **twenty-one (21) days** in which to file a Complaint relating **only** to her FLSA claims against Defendants Accessible Home Care, Bill Hughes, and Kay Hughes. Upon filing the Complaint, Plaintiff is directed to tender the $400.00 filing fee to the Clerk of the Court or file a properly-supported motion to proceed *in forma pauperis*. Failure to tender the filing fee or file a properly-supported motion to proceed *in forma pauperis* may result in dismissal of the Complaint. The Complaint will stand submitted for screening at that time.

5.  Plaintiff is required to keep the Clerk of the Court informed of her current mailing address. Failure to notify the Clerk of any change of address may result in dismissal of this case.

This 26th day of April, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge