UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MISTY LYNN WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-200-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ACCESSIBLE HOME CARE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This Court recently granted certification for *pro se* Plaintiff Misty Lynn Wesley to file a Complaint alleging that her former employer violated the Fair Labor Standards Act ("FLSA"). [Record No. 7] But rather than comply with the Court's directive that her Complaint be limited to FLSA claims, Wesley tendered a Complaint that is substantially similar to her original filing, which includes a myriad of frivolous legal claims. [*Compare* Record Nos. 2 and 10.] Wesley was granted leave to proceed without paying filing fees prior to filing her Complaint. [Record No. 9] However, Wesley obtained summons and served the defendant before the Court had an opportunity to screen her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The defendant has now filed a motion to partially dismiss or strike the portions of Wesley's Complaint that are outside the scope of the Court's Certification Order. [Record No. 13]

**I.**

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d

380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants still must meet basic pleading requirements, set forth in the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.

The Court has already explained why Wesley's non-FLSA claims are patently frivolous. [Record Nos. 5, 7] Accordingly, the Court will focus only on the allegations that are relevant to the FLSA claims. Wesley contends that she applied for part-time work with Defendant Accessible Home Care and was hired.[1] [Record No. 10, pp. 1-2] She was assigned to perform in-home care and "light cleaning" for an elderly couple, and was paid $9.50 per hour. [Record No. 10, p. 3] Wesley was dissatisfied with the assignment and advised Bill Hughes, Accessible Home Care's owner, that she wanted to "move somewhere else." However, she "ended up hurting herself" and "gave [Hughes] her notice." *Id.*

Despite Wesley's purported resignation, she was reassigned to a different client's home and was paid $11.50 per hour. *Id.* at p. 4. Following a dispute with a co-worker, Wesley told Hughes "to find another person to work over there." *Id.* At that point, Wesley took a "live-

---

[1] Wesley has abandoned her claims against Accessible Home Care's owners, Bill and Kay Hughes, so the claims against them will be dismissed. [*See* Record No. 10, p. 1]

in" assignment with a new client where she worked "three days on, three days off" and was paid $170.00 per day. *Id.* at pp. 4-5. Wesley alleges that, "[o]nce [she] divided $170 . . . by the 24 hours it equaled 7.08 dollars per hour, below the minimum wage guidelines." *Id.* at p. 5. She also alleges that, "as [she] began to work the 72 to 96 hours she noticed that they didn't pay any overtime." *Id.*

Employers must pay employees engaged in commerce at least $7.25 per hour and pay them overtime compensation, at a rate no less than one-and-one-half times their regular pay, if the employee works more than forty hours in a week. 29 U.S.C. §§ 206(a)(1), 207(a)(1); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (quoting *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012)). To survive scrutiny under Rule 12(b)(6), Wesley must allege facts sufficient to show: (1) the existence of an employer-employee relationship; (2) she performed acts as an employee which are protected by the FLSA; and (3) the defendant's failure to pay her overtime or a minimum wage as required for those acts. *See Noble v. Serco*, No. 3:08-76-DCR, 2009 WL 1811550, *2 (E.D. Ky. June 25, 2009) (citing *Kowalski v. Kowalski Heat Transfer Co.*, 920 F.Supp. 799, 806 (N.D. Ohio 1996), *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008).

Federal courts disagree on the pleading standard required for FLSA claims, and the Sixth Circuit has not spoken definitively on this issue. *See Anderson v. GCA Servs. Grp. of North Carolina, Inc.*, No. 1:15-CV-37-GNS, 2015 WL 5299452 (W.D. Ky. Sept. 9, 2015). However, district courts within this circuit agree that plaintiffs asserting claims under FLSA are not required to plead "in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." *Mabry v. Directv, LLC*, No. 3:14CV-698-JHM, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015).

*See also Berry v. Office of the Fayette Cnty. Sheriff*, No. 5:14-356-DCR, 2014 WL 6390174, *2 (E.D. Ky. Nov. 14, 2014). Instead, they must provide sufficient facts to put the defendant on notice of their claims and push the claims across the line from possible to plausible.

Here, Wesley has alleged sufficient facts to establish that she was the defendant's employee. The FLSA defines "employ" as "to suffer or permit to work," 29 U.S.C. § 203(e)(1). The Supreme Court has noted that this definition "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v.* Darden, 503 U.S. 318, 326 (1992). Wesley contends that she applied for a part-time job and the defendant hired her. [Record No. 10, p. 1] Although Wesley worked in clients' homes and took some of her direction from the clients, she contends that the defendant controlled her schedule, assigned clients to her, and had ultimate authority over her job duties.

Wesley also provides minimally sufficient allegations that she performed protected acts and that the defendant failed to pay her a minimum wage and/or overtime. She does not provide specific dates of employment, but indicates that she worked for the defendant in 2016 and 2017. [Record No. 10, p. 7] She alleges that the shifts during her "live-in" position were for 24 hours and that she worked "three days on and three days off." *Id.* at p. 4. She also alleges that she was paid slightly below minimum wage ($7.08 per hour) and that the defendant did not pay her overtime. The Complaint does not mention sleeping time, but states that Wesley "had to be on call for the couple if they fell out of bed at night or needed something." [Record No. 10, p. 5] While it is unreasonable to assume that Wesley worked these periods

without sleeping or any taking breaks, it is unclear whether the defendant was required to compensate her during rest periods.[2]

Construing these allegations as true and in the light most favorable to Wesley, she may proceed with the FLSA overtime and minimum wage claims related to her "live-in" position while employed by Defendant Accessible Health Care. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Accessible Healthcare's motion to strike Plaintiff Wesley's non-FLSA claims, pursuant to the Court's Certification Order, [Record No. 13] is **GRANTED**.

2. All of Plaintiff Wesley's claims against Defendants Bill Hughes and Kaye Hughes are **DISMISSED** and these defendants are terminated as parties in this action.

3. Defendant Accessible Health Care must **RESPOND** to Wesley's FLSA claims, as described in this Memorandum Opinion and Order.

This 5th day of June, 2018.



---

[2] When an employee is required to be on duty for 24 hours or more, the employer and employee may agree to exclude bona fide sleeping time and meal periods. 29 C.F.R. § 785.22(a). When the sleeping period is interrupted by a call to duty, the interruption is counted as hours worked. *Id.* § 785.22(b).