UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MISTY LYNN WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-377-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ACCESSIBLE HOME CARE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court recently reviewed *pro se* Plaintiff Misty Lynn Wesley's application to file a Complaint in Lexington Civil Action No. 5: 18-200-DCR. The Court issued an opinion on April 26, 2018, allowing Wesley to file a Complaint alleging certain claims against her former employer under the Fair Labor Standards Act, but dismissing most of her claims as frivolous.[1] [5: 18-200, Record No. 7]

Undeterred, Wesley filed a new Complaint in Fayette Circuit Court on May 7, 2018. [Record No. 1-2, pp. 12-24] This Complaint is largely similar to her original filing in Lexington Civil Action 5: 18-200-DCR, but includes additional state-law claims against her former employer, Accessible Home Care. [5: 18-200, Record No. 2] Accessible Home Care removed the action to this Court based on Wesley's claims arising under various federal statutes, and filed a motion to dismiss Wesley's Complaint on June 4, 2018. The defendant

---

[1] As a result of Wesley's history of vexatious litigation, she was permanently barred from filing new civil actions in this Court without obtaining prior certification. General Order 07-6 (Feb. 14, 2007).

argues that this Court has already ruled that the majority of the claims are frivolous. The Court agrees and, for the reasons explained in the Memorandum Opinions and Orders dated April 9 and 26, and June 5, 2018, all of Wesley's previously-raised non-FLSA claims will be dismissed. *See Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 303 (6th Cir. 2011) (describing requirements of claim preclusion). Further, the FLSA claims against Accessible Home Care are duplicative of those raised in Lexington Civil Action No. 5: 18-CV-200 and are being addressed in that action.[2]

Wesley has also alleged the following state-law causes of action against Accessible Home Care: breach of contract; breach of implied covenant; concealment and misrepresentation; false advertisement/unfair business practices; and "good faith limitation breach." [Record No. 1-1] These allegations do not contain sufficient factual matter to state a plausible claim to relief, as they are incoherent and largely unintelligible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a)(2).

Wesley's breach of contract claim appears to be based on the allegation that the defendant breached some unidentified term of its policy and procedure manual. [Record No. 1-1 at Page ID 8] However, she concedes that she was an at-will employee and that she resigned from her job. *Id.* at Page ID 8. Additionally, Wesley asks the Court to "dismiss only the breach of contract allegation due to the legal fact that the employer's employment manual

---

[2] Wesley was permitted to file a Complaint alleging FLSA claims against Accessible Home Care, Bill Hughes, and Kaye Hughes in Lexington Civil Action No. 5: 18-CV-200. However, she named Accessible Home Care as the sole defendant, omitting her claims against Bill and Kaye Hughes. She has named Bill and Kaye Hughes as defendants in the instant action, but has failed to allege any new facts implicating them in her claims. Accordingly, the claims against Bill and Kaye Hughes will be dismissed.

states that it is not a binding contract . . . ." *Id.* at Page ID 10. Construing Wesley's Complaint liberally, she has failed to identify a contract breach.

Kentucky law does not recognize an implied covenant of good faith and fair dealing in the absence of a contract. *Grigsby v. UPS Ground Freight, Inc.*, No. 2007-CA-2401, 2009 WL 1636293, * (Ky. Ct. App. 2009) (citing *Farmer's Bank & Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4 (Ky. 2005); *RAM Engineering & Constr., Inc. v. Univ. of Louisville*, 127 S.W.3d 579, 585 (Ky. 2003)). Wesley was an at-will employee. As a result, she cannot maintain a cause of action under this theory. *See id.* And regardless of her at-will employment status, she has not alleged any facts that suggest a lack of good faith and fair dealing when it comes to her departure from Accessible Home Care. Instead, Wesley contends that she resigned after a co-worker asked her to change her work schedule. [Record No. 1-1, Page ID 8] Accordingly, this claim will also be dismissed.

Wesley's remaining claims are difficult to comprehend. She alleges "concealment and misrepresentation," but the factual basis of the claim is unclear. Either theory requires the plaintiff to have acted to her detriment based on some misrepresentation or omission made by the defendant, but she has not identified any. *See Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011). Wesley does not cite any specific law in support of her claims for "false advertisement/unfair business practices" and "good faith limitation breach." The factual basis for these claims is uncertain, as well. To the extent she complains about the number of hours she worked or the amount she was paid, these allegations are subsumed by her FLSA claims.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. This matter is **CONSOLIDATED** with Lexington Civil Action No. 18-200, pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. This Order shall be docketed in Lexington Civil Action No. 5: 18-CV-377 and Lexington Civil Action No. 5: 18-CV-200. All further filings related to these actions shall be docketed in Lexington Civil Action No. 5: 18-CV-200 only.

2. Defendant Accessible Home Care's Motion to Dismiss [Record No. 4] is **GRANTED**. All claims asserted herein are **DISMISSED**, with prejudice, with the exception of Wesley's FLSA claims against Defendant Accessible Home Care, which are **DISMISSED**, without prejudice.

This 29th day of June, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge