UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MISTY LYNN WESLEY, | ) |
| Plaintiff, | ) Civil Action No. 5: 18-200-DCR |
| V. | ) |
| ACCESSIBLE HOME CARE, | ) **MEMORANDUM ORDER AND OPINION** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Accessible Home Care ("AHC") has filed a motion to dismiss Plaintiff Misty Wesley's ("Wesley") Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Record No. 33] AHC's motion to dismiss will be denied because its Rule 68 offer of judgment does not moot Wesley's claim under the FLSA.

**I.**

*Pro se* Plaintiff Wesley has a history of abusive and vexatious litigation in this Court. As a result, she is required to obtain Court authorization before instituting new civil matters.[1] [*See* Record No.1 (E.D. Ky. General Order 07-06, Feb. 14, 2017).] Wesley was permitted to

---

[1] *See, Wesley v. St. Luke West*, 2: 04-CV-123-WOB; *Wesley v. Harrison Memorial Hosp. et al.*, 5: 03-CV-499-KSF; *Wesley v. Ephraim McDowell Reg. Med. Ctr., et al.*, 5: 03-CV-500-JMH; *Wesley v. Med. Staffing Network, et al.*, 5: 04-CV-052-JMH; *Wesley v. Columbia Hosp. Georgetown, et al.*, 5: 04-CV-070-KSF; *Wesley v. Good Samaritan Hosp.*, 5: 04-CV-263-JMH; *Wesley v. McClanahan*, 5: 04-CV-535-KSF; *Wesley v. UK Federal Credit Union*, 5:11-CV-263-KSF; *Wesley v. U.S. Dep't of Educ., et al.*, 5: 11-MC-276-JBC; *Wesley v. Am. Reg. of Radiologic Techs.*, 5: 11-MC-381-KSF; *Wesley v. AFLAC, et al.*, 5: 15-MC-005-REW; *Wesley v. U.S Dep't of Agriculture, et al.*, 5: 16-CV-006-KKC; *Wesley v. Medicare, et al.*, 5: 16-CV-033-JMH; *Wesley v. Accessible Home Care, et al.*, 5: 18-CV-200-DCR; *Wesley v. Accessible Home Care, et al.*, 5: 18-CV-377-DCR.

proceed with the present case against the defendant on the single claim that she was not paid a proper minimum wage and overtime compensation under the Fair Labor Standards Act ("FLSA") while AHC employed her as a "live-in" caregiver. [Record No. 7]

Despite this Court's admonition that Wesley could only proceed on her minimum-wage and overtime claims under the FLSA, she filed a Complaint which mirrored her original application to the Court. [Record No. 10] It contains a plethora of claims which, as the Court has already explained, are not supported by the facts or law. [*See* Record No. 7.] These extraneous claims include: "Forced Labor Condition RICO," an appeal of the denial of unemployment benefits, defamation, harassment, concealment, misrepresentation, hostile work environment, "Equal Pay Act," retaliation under "Title VII," the ADEA, the ADA, and GINA. [Record No. 10] She also suggests that the defendant violated the Federal Tort Claims Act, the Electronic Fund Transfer Act, and committed unfair business practices. *Id.* Wesley demands $150,000.00 for lost wages, pain, and suffering as a result of these alleged violations.

AHC made Wesley an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure on August 9, 2018. [Record No. 31-1] The offer consisted of a monetary judgment in the amount of $1,500.00 to compensate Wesley for all overtime wages allegedly owed under the FLSA. AHC also agreed to the injunctive relief Wesley sought, *i.e.*, it would respond neutrally to any employment reference requests and it would not discuss this lawsuit with third parties. *Id.* Wesley rejected the offer of judgment and demanded $150,000.00 for claims including "negative references under retaliation Section 4 of 42 U.S.C. 1981(a)."

[Record No. 35] Wesley also advised the defendant that it "could be sued again after this case file."[2] *Id.*

AHC was permitted to tender the $1,500.00 offer of judgment to the Clerk of Court, who deposited it into the Court's registry. [Record No. 41] AHC filed a motion to dismiss under Rule 12(b)(1), arguing that Wesley's complaint is moot in light of the offer of judgment, which it contends fully satisfies her FLSA claim. [Record Nos. 31, 33, 41]

## II.

A motion to dismiss under Rule 12(b)(1) can attack jurisdiction on its face, in which case all of the plaintiff's allegations must be considered true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In resolving a factual issue under Rule 12(b)(1), the plaintiff's allegations have no presumptive truthfulness, and the Court has discretion to consider affidavits and documents. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

A party seeking to invoke the jurisdiction of the federal courts must establish standing under Article III of the United States Constitution. *Daubenmire v. City of Columbus*, 507 F.3d 383 (6th Cir. 2007). The core elements of standing are a legally recognized injury, caused by the defendant, that is capable of legal or equitable redress. *Parsons v. U.S. Dept. of Justice*,

---

[2] Wesley filed a Notice of Appeal on September 4, 2018, after the Court denied her motion for leave to amend the Complaint. [Record Nos. 51, 56] The Notice of Appeal is difficult to follow, but it appears to raise a host of concerns including the plaintiff's desire to raise additional claims and to conduct discovery. However, the Court has not entered a final and appealable order with respect to these issues. Wesley's frivolous Notice of Appeal does not divest the Court of jurisdiction to consider AHC's motion to dismiss. *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).

801 F.3d 701, 710 (6th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992)). If a party lacks standing, she may not bring her suit in federal court. *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Additionally, a party must maintain a live controversy throughout the action. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). If a case no longer presents a live controversy, it becomes moot and the court lacks jurisdiction to resolve the underlying dispute. *Id.* A case becomes moot when interim relief or events deprive the court of the ability to redress the plaintiff's injuries. *Int'l Union, United Auto, Aero, Agr. & Implement Workers of Am. v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir. 1983).

### III.

The United States Supreme Court has provided guidance for determining when a Rule 68 offer of judgment may moot a plaintiff's claim. In *Genesis Healthcare Corporation v. Symczyk*, 569 U.S. 66 (2013), Laura Symczyk filed a collective action on behalf of herself and similarly situated employees for Genesis Healthcare's alleged violation of the FLSA. When Genesis Healthcare answered the complaint, it simultaneously served upon Symczyk a Rule 68 offer of judgment, which included $7,500.00 for unpaid wages, in addition to "such reasonable attorneys' fees, costs, and expenses . . . as the Court may determine."[3] *Id.* at 69. Genesis Healthcare stipulated that if Symczyk did not accept the offer within 10 days, it would be deemed withdrawn. *Genesis Healthcare*, 569 U.S. at 69-70.

---

[3] Genesis Healthcare characterized this as "compensation that is equal to or greater than the potential relief [Symczyk] could obtain at trial." *Symczyk v. Genesis Healthcare Corp.*, No. 09-5782, 2010 WL 2038676, at *2 (E.D. Penn. May 19, 2010). Symczyk did not dispute Genesis Healthcare's assertion that the damages offered exceeded any amount of unpaid wages sought. *Id.*

Symczyk failed to respond within 10 days, and Genesis Healthcare moved to dismiss for lack of subject matter jurisdiction. *Id.* at 70. Symczyk objected, arguing that Genesis was trying to inappropriately eliminate her, and thus the suit, before the collective-action process could unfold. *Id.* The district court concluded that no other plaintiffs had joined the suit and the Rule 68 offer of judgment fully satisfied Symczyk's individual claim. Accordingly, the district court dismissed the matter as moot.

The Court of Appeals for the Third Circuit reversed, finding that the Rule 68 offer rendered Symczyk's individual claim moot, but not the collective action. The court reasoned that the defendant's calculated effort to "pick off" a named plaintiff with a strategic Rule 68 offer prior to certification could frustrate the goals of collective actions. *Id.* (citing 656 F.3d 189 (3rd Cir. 2011)).

The Supreme Court reversed the Third Circuit's decision, concluding that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.* at 73. The Third Circuit had determined that Symczyk's individual claim was moot, and she failed to raise the issue in her brief in opposition to the petition for certiorari. *Id.* Accordingly, the Supreme Court assumed, without deciding, that Genesis Healthcare's Rule 68 offer mooted Symczyk's individual claim. *Id.*

The Court addressed this issue again in *Campbell-Ewald Company v. Gomez,* 136 S. Ct. 663 (2016). Gomez filed a purported class action, alleging that Campbell violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by making unauthorized calls using an automatic telephone dialing system. 136 S. Ct. at 667. Campbell proposed to settle Gomez's individual claim and filed an offer of judgment pursuant to Federal

Rule of Civil Procedure 68 before Gomez's deadline to file a motion for class certification expired. *Id.* at 667-68. Gomez did not accept the offer. *Id.* at 668.

Campbell moved to dismiss, arguing that the offer of judgment mooted Gomez's individual claim by providing him with complete relief. *Id.* The district court denied Campbell's motion, but ultimately granted summary judgment in Campbell's favor. *Id.* The Ninth Circuit reversed, but agreed that Gomez's claim remained live. *Id.* The Supreme Court granted certiorari "to resolve a disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." *Id.* at 669.

The majority determined that an unaccepted settlement offer or offer of judgment generally does not moot a plaintiff's case, relying on "basic principles of contract law". *Id.* at 670-72. However, the Court declined to "decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672.

The United States Court of Appeals for the Sixth Circuit considered, but did not answer, this question in *Mey v. North American Bancard, LLC*, 655 F. App'x 332 (6th Cir. 2016). Mey, on behalf of herself and others, sued North American Bancard ("NAB") for violations of the TCPA, 47 U.S.C. § 227. NAB made an offer of judgment, in which it agreed to pay Mey statutory damages and consented to her demand for injunctive relief. Mey rejected the offer, but the district court entered judgment in her favor, concluding that the offer rendered her claims moot. *Id.* at 334-35.

While Mey's appeal was pending, the Supreme Court issued its decision in *Campbell-Ewald*. NAB reacted by mailing Mey's attorney a cashier's check for $4,500.00, which

represented statutory damages for three calls that NAB conceded it had made to Mey. *Id.* at 336. Although Mey promptly returned the check, NAB believed it had satisfied the requirements of *Campbell-Ewald* because it actually tendered the funds to Mey.

The Sixth Circuit did not decide whether tendering the check was sufficient to render Mey's claim moot, stating that the district court's judgment was erroneous in light of *Campbell-Ewald*. The court further noted that, "[e]ven if we assume that an unaccepted cashier's check could moot a claim," NAB did not show that its tender satisfied Mey's demand for relief. There was nothing to suggest that she only received three calls from NAB. Additionally, the tender of $4,500.00 had done nothing to satisfy Mey's request for injunctive relief. *Id.*

Here, there is no collective action and thus no concern that the defendant will utilize its offer of judgment as a strategic maneuver to pick off a named plaintiff or otherwise derail the collective-certification process. Once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in her favor. *Leyse v. Lifetime Ent'mt Servs., LLC*, 171 F.Supp.3d 153 (S.D.N.Y. 2016). The Court must determine whether AHC's offer of judgment constitutes full relief to Wesley.

An offer of judgment ordinarily does moot a case or controversy unless it gives the plaintiff everything she seeks. *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). In other words, the defendant cannot moot a claim by simply offering what it believes is appropriate. *Id.* Despite this Court's repeated admonitions, Plaintiff Wesley has refused to acknowledge that her Complaint is limited to her claim for minimum wages and overtime under the FLSA. Accordingly, the defendant is not bound by Wesley's demand for

$150,000.00 for lost wages, pain, and suffering, which obviously relates to the numerous claims that Wesley is not authorized to pursue.

AHC provided a detailed explanation and supporting documentation in an attempt to show that $1,500.00 satisfies Wesley's claim under the FLSA. AHC employed Wesley as a "live-in" caregiver from June 9, 2017, through December 11, 2017. [Record No. 33-1, p. 3] During that time, she worked three days on, and three days off, for 24-hour shifts, at a rate of $170.00 per day. *Id.* AHC contends that Wesley was compensated for 14 hours per day because 10 hours of sleep, meal, and personal time was excluded per the parties' agreement. The defendant utilized the formulas set forth in 29 §§ 778.112 and 778.115 to determine that Wesley is entitled to $1,476.58 in overtime wages. [Record No. 33, pp. 5-7]

Employers and employees may enter into an "express or implied" agreement to exclude bona fide meal periods and a sleeping period of up to 8 hours. 29 C.F.R. § 785.22. However, Wesley maintains that the defendant did not produce "a written or oral contract" to exclude such time and that she should be paid for all 24 hours of her shifts. [Record No. 53] Wesley has tendered her own calculations in response to AHC's motion to dismiss, and contends that she is entitled to $13,518.90 in unpaid overtime wages. [Record No. 53]

Resolution of this issue implicates the merits of Wesley's claim and, therefore, is not appropriate for resolution under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The defendant has not shown that it is willing to meet Wesley on her terms with respect to the FLSA claim. As a result, the Rule 68 offer of judgment does not moot Wesley's only legitimate cause of action. *See Hrivnak*, 719 F.3d at 567-68.

Accordingly, it is hereby

**ORDERED** that Defendant AHC's motion to dismiss [Record No. 33] is **DENIED**.

Dated: September 26, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge